UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY LIFE ASSURANCE COMPANY ) <br> OF BOSTON, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN RUBASZKO, ) <br>     Defendant. ) | DOCKET NO.  05-40142 FDS |

## ANSWER AND COUNTERCLAIM

Defendant John Rubaszko ("Defendant") hereby answers the numbered allegations of the Complaint.

1. This paragraph states legal conclusions to which no response is required.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3. Defendant admits that this paragraph correctly states his residence.  The remaining allegation of this paragraph states a legal conclusion to which no response is required.

4. This paragraph states legal conclusions to which no response is required.

5. Admitted.

6. Defendant admits receiving short term disability benefits. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Defendant admits filing the claim with the SSA and that he was assisted by a law firm in connection with that claim. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

10. Defendant admits that his signature appears to be on the documents attached as Exhibit B to the Complaint. Further answering, Plaintiff states that the documents speak for themselves.

11. Defendant admits that his signature appears to be on the document attached as Exhibit C to the Complaint. Further answering, Plaintiff states that the document speaks for itself.

12. Defendant admits receiving the document attached as Exhibit D to the Complaint. Further answering, Plaintiff states that the document speaks for itself.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Defendant admits receiving the document attached as Exhibit F to the Complaint. Further answering, Plaintiff states that the document speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the amount of the retroactive payment that he received or the amount received by his dependents.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT I

(Unjust Enrichment)

16. Defendant repeats and realleges his responses to paragraphs 1 through 15.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. Denied.

19. Denied.

20. This paragraph states allegations to which no response is required.

## COUNT II

(Constructive Trust)

21. Defendant repeats and realleges his responses to paragraphs 1 through 15.

22. Defendant denies that he has monies that belong to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

23. This paragraph states allegations to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff unlawfully discontinued the payment of disability benefits to Defendant, thus excusing performance by Defendant and barring recovery by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are offset in whole or in part by Plaintiff's liabilities to Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of its own wrongful acts or omissions.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because it failed to accord to Defendant the required administrative rights and remedies under the Plan.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because it discontinued benefits under a provision of its Plan that is discriminatory to the mentally disabled and is violative of public policy.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for recoupment of social security benefits paid to Defendant's dependants is unconscionable and violative of public policy.

WHEREFORE, Defendant requests that Plaintiff's complaint be dismissed with prejudice and with costs.

## COUNTERCLAIM

Defendant-Plaintiff in Counterclaim John Rubaszko ("Rubaszko") asserts the following counterclaim against Plaintiff-Defendant in Counterclaim Liberty Life Assurance Company of Boston ('Liberty Life").

### Jurisdiction

1. Jurisdiction of this counterclaim arises under the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. sec. 1001, et seq.

### Venue

2. Venue is proper in this court in that this is the judicial district in which Plaintiff resides and in which the relevant events occurred.

### Parties

3. Defendant - Plaintiff in Counterclaim John Rubaszko ("Rubaszko") is an individual who resides in Shrewsbury, Worcester County, Massachusetts.

4. Plaintiff - Defendant in Counterclaim Liberty Life Assurance Company of Boston ('Liberty Life") is a Massachusetts corporation with its principal place of business at 175 Berkeley Street, Boston, Suffolk County, Massachusetts.

### General Allegations

5. The long term disability plan that is the subject of Liberty Life's complaint (the "Plan") is an employee welfare benefit plan within the meaning of and subject to the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. sec. 1001, et seq. Liberty Life is the administrator the Plan.

6. At times material, Rubaszko was a participant in the Plan.

7.  In 1999, Plaintiff became disabled as a result of medical conditions that entitled Plaintiff to benefits under the Plan upon the completion of an elimination period.

8.  Plaintiff completed the applicable elimination period under the Plan.

9.  Liberty Life approved the payment of long term disability benefits under the Plan beginning on or about 7/26/99.

10. Liberty Life approved the payment of benefits based on both the physical and emotional medical conditions of Rubaszko.

11. By letter dated 11/28/01, Liberty Life informed Rubaszko of its determination that there was no longer any evidence that Plaintiff suffered from a physical disability. Liberty Life determined that it would thereafter treat Rubaszko's claim as one for a mental illness under the applicable provisions of the Plan.

12. Liberty Life's letter to Rubaszko of 11/28/01 provided no notice of any review or appeal rights from Liberty Life's determination.

13. Liberty Life informed Rubaszko that he would be "ok" for 2 years on the mental illness disability and that Liberty Life would "revisit" the physical disability issue at the expiration of that time.

14. Liberty Life continued to pay Rubaszko disability benefits.

15. Liberty Life required Respondent to pursue a claim for social security disability benefits at the risk of having his disability benefits reduced by the amount Liberty Life would determine that Rubaszko would receive from a successful social security disability benefits claim.

16. Rubaszko applied for social security disability benefits.

17. Rubaszko was awarded social security disability benefits on 10/22/02 based on both his physical and emotional disabilities.

18. In early 2003, Rubaszko contacted Liberty Life regarding obtaining a medical review of his physical disability. Rubaszko was informed that Liberty Life needed updated information from Rubaszko's doctors on the physical disability and that Liberty Life would review such information upon receipt.

19. Rubaszko had his doctors provide the requested updated information to Liberty Life.

20. Rubaszko never received any notification from Liberty Life that it had reviewed the updated information or concerning the results of any review.

21. By letter dated 9/23/03, Liberty Life informed Rubaszko that his long term disability benefits would be terminated effective 10/22/03 based on the two-year limitation on mental illness disability under the applicable provisions of the Plan.

22. Liberty Life's letter stated that Rubaszko had 60 days from the receipt of that letter to send a written request for review of that determination.

23. Liberty Life's letter of 9/23/03 was delayed in the mails due to Liberty Life's failure to place Rubaszko's correct zip code on the envelope.

24. Rubaszko telephoned Liberty Life within 60 days of his receipt of the letter to challenge the termination of his benefits.

25. Liberty Life informed Rubaszko that his file was closed and that his call was too late. When Rubaszko informed Liberty Life that the mail was delayed because of the wrong zip code, Rubaszko was told that "it was too bad."

26. The Plan contained provisions for payment of benefits for "partial disability." However, Liberty Life did not make any determination concerning whether partial disability benefits were payable.

27. Liberty Life's denial of further benefits under the Plan was arbitrary and capricious, not made in good faith and unsupported by substantial evidence.

28. Liberty Life provided no effective administrative remedies to Rubaszko under the Plan with regard to the determination of his physical disability.

29. Under the Plan, a physical disability benefit could be available to Rubaszko until he reached age 65.

30. Under the Plan, a mental disability benefit was only available to Rubaszko for two years.

31. The Plan's provisions concerning the limitation on benefits for mental disabilities are discriminatory and violative of public policy.

32. Rubaszko is excused from any requirement of exhaustion of administrative remedies regarding challenging the Plan's disparity of treatment between mental and physical disabilities because resort to the administrative route would be futile.

33. Plaintiff seeks enforcement of his right to receive benefits under the Plan pursuant to 29 U.S.C. §1132.

**RELIEF**

WHEREFORE, Rubaszko requests this Honorable Court to:

A.  Strike the discriminatory provisions from the Plan involving the disparity of treatment between mental and physical disabilities

B.  Enter judgment against Liberty Life awarding benefits under the Plan from 10/22/03 to date and ongoing;

C)  Award Rubaszko reasonable attorney's fees, interest and costs.

D)  Award such other relief as this Court may deem just and proper.


JOHN RUBASZKO,

By his attorney,



/s/ Richard A. Mulhearn
Richard A. Mulhearn
BBO: 359680
Law Office of Richard A. Mulhearn, P.C.
41 Elm Street
Worcester, MA 01609
(508) 753-9999

Date: October 5 2005.

9