UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>      Plaintiff<br><br>v.<br><br>JOHN RUBASZKO,<br>      Defendant | Civ. No.: 05-40142 FDS |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff Liberty Life Assurance Company of Boston ("Liberty") files this, its Answer to Defendant's Counterclaim (the "Counterclaim") filed by Defendant John Rubaszko ("Defendant"), and states as follows:

1.   Liberty admits that claims raised by Defendant in the Counterclaim are governed by ERISA, and that Defendant has attempted to invoke this Court's jurisdiction in paragraph 1 of the Counterclaim. Liberty denies the remaining allegations contained in paragraph 1 of the Counterclaim.

2.   Liberty admits the allegations contained in paragraph 2 of the Counterclaim.

3.   Liberty admits the allegations contained in paragraph 3 of the Counterclaim.

4.   Liberty admits the allegations contained in paragraph 4 of the Counterclaim.

5.   Liberty admits that the long term disability benefits plan that is the subject of this litigation is an employee welfare benefits plan as defined by ERISA. Liberty admits that it is a claims administrator for this benefits plan. Liberty denies all remaining allegations contained in paragraph 5 of the Counterclaim.

6.   Liberty admits while employed by Fleet, Defendant was a participant in both the

short term disability benefits plan sponsored by Fleet (the "Fleet STD Plan") and the long term disability benefits plan sponsored by Fleet (the "Fleet LTD Plan"). Liberty denies all remaining allegations contained in paragraph 6 of the Counterclaim.

7.  Liberty admits that Defendant received some benefits from the Fleet STD Plan and the Fleet LTD Plan during certain times during the years 1999 through 2003. Liberty denies all remaining allegations contained in paragraph 7 of the Counterclaim.

8.  Liberty admits that Defendant received some benefits from the Fleet STD Plan and was considered for benefits from the Fleet LTD Plan. Liberty denies all remaining allegations contained in paragraph 8 of the Counterclaim.

9.  Liberty admits that Defendant received some benefits from the Fleet LTD Plan during certain times during the years 1999 through 2003. Liberty denies all remaining allegations contained in paragraph 9 of the Counterclaim.

10.  Liberty admits that Defendant received some benefits from the Fleet LTD Plan during certain times during the years 1999 through 2003. Additional statements made in the Counterclaim seek to interpret various correspondences between Defendant and Liberty, and Liberty refers to that correspondence itself as the best evidence of their contents. Liberty denies all remaining allegations contained in paragraph 10 of the Counterclaim.

11.  Liberty admits that it sent a letter dated November 28, 2001 to Defendant and refers to the letter itself as the best evidence of its contents. Liberty denies all remaining allegations contained in paragraph 11 of the Counterclaim.

12.  Liberty admits that it sent a letter dated November 28, 2001 to Defendant and refers to the letter itself as the best evidence of its contents. Liberty denies all remaining allegations contained in paragraph 12 of the Counterclaim.

13. Liberty admits that it sent a letter dated November 28, 2001 to Defendant and refers to the letter itself as the best evidence of its contents. Liberty denies all remaining allegations contained in paragraph 13 of the Counterclaim.

14. Liberty admits that Defendant received some benefits from the Fleet LTD Plan during certain times during the years 1999 through 2003. Liberty denies all remaining allegations contained in paragraph 14 of the Counterclaim.

15. Liberty admits that a claimant's failure to apply for disability benefits from the Social Security Administration ("SSA"), when appropriate, may result in an offset of benefits pursuant to the terms of the Fleet LTD Plan. Liberty denies all remaining allegations contained in paragraph 15 of the Counterclaim.

16. Liberty admits the allegations contained in paragraph 16 of the Counterclaim.

17. Liberty admits that on October 22, 2002, Rubaszko was sent a notice from the SSA that he had been awarded disability benefits from the SSA retroactive to July 1999. Liberty refers to the October 22, 2002 notice and all attachments thereto as the best evidence of their contents. Liberty denies all remaining allegations contained in paragraph 17 of the Counterclaim.

18. Liberty admits that in 2003, it conducted a review of Defendant's eligibility status for continued receipt of benefits from the Fleet LTD Plan and additional documentation was sought and received by Liberty in 2003. Liberty denies all remaining allegations contained in paragraph 18 of the Counterclaim.

19. Liberty admits it received additional documentation pertaining to Defendant's claim for benefits in 2003. Liberty denies all remaining allegations contained in paragraph 19 of the Counterclaim.

20.     Liberty admits that in 2003, it conducted a review of Defendant's eligibility status for continued receipt of benefits from the Fleet LTD Plan. Liberty further admits that Defendant was notified of the determination resulting from such review at its completion. Liberty denies all remaining allegations contained in paragraph 20 of the Counterclaim.

21.     Liberty admits that it sent a letter dated September 23, 2003 to Defendant and refers to the letter itself as the best evidence of its contents. Liberty admits Defendant's benefits from the Fleet LTD Plan were terminated effective October 22, 2003 because he was no longer eligible for benefits from the Plan after that date. Liberty denies all remaining allegations contained in paragraph 21 of the Counterclaim.

22.     Liberty admits that it sent a letter dated September 23, 2003 to Defendant and refers to the letter itself as the best evidence of its contents. Liberty admits Defendant's benefits from the Fleet LTD Plan were terminated effective October 22, 2003 because he was no longer eligible for benefits from the Plan after that date. Liberty denies all remaining allegations contained in paragraph 22 of the Counterclaim.

23.     Liberty denies the allegations contained in paragraph 23 of the Counterclaim.

24.     Liberty denies the allegations contained in paragraph 24 of the Counterclaim.

25.     Liberty denies the allegations contained in paragraph 25 of the Counterclaim.

26.     Liberty admits it reviewed Defendant's claim to determine if he was eligible for benefits from the Fleet LTD Plan. Paragraph 26 of the Counterclaim contains references to the plan document for the Fleet LTD Plan, and Liberty refers to the document itself as the best evidence of its contents. Liberty denies all remaining allegations contained in paragraph 26 of the Counterclaim.

27.     Liberty denies the allegations contained in paragraph 27 of the Counterclaim.

28. Liberty denies the allegations contained in paragraph 28 of the Counterclaim.

29. Paragraph 29 of the Counterclaim contains references to the plan document for the Fleet LTD Plan, and Liberty refers to the document itself as the best evidence of its contents. Liberty denies all remaining allegations contained in paragraph 29 of the Counterclaim.

30. Paragraph 30 of the Counterclaim contains references to the plan document for the Fleet LTD Plan, and Liberty refers to the document itself as the best evidence of its contents. Liberty denies all remaining allegations contained in paragraph 30 of the Counterclaim.

31. Liberty denies the allegations contained in paragraph 31 of the Counterclaim.

32. Liberty denies the allegations contained in paragraph 32 of the Counterclaim.

33. Liberty denies the allegations contained in paragraph 33 of the Counterclaim.

34. Liberty denies all allegations contained in the Prayer of the Counterclaim, including items A-D and denies all allegations contained in the Counterclaim not specifically admitted herein.

## AFFIRMATIVE DEFENSES

35. The Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

36. The standard of review by the District Court in this case should be whether the plan administrator abused its discretion in its decision, because the relevant plan document contains sufficient discretionary language in favor of the plan administrator.

37. Defendant cannot recover from Liberty in this action because he failed to satisfy a condition precedent, specifically, Defendant failed to timely exhaust required administrative remedies with regard to his claim for benefits from the Fleet LTD Plan.

<u>PRAYER</u>

Liberty requests that the Court enter judgment that Defendant recover nothing by his counterclaim, award Liberty its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), award Liberty the relief requested in its Complaint, and grant Liberty such other and further relief to which it may show itself entitled.

Dated this 20th day of October, 2005.

Respectfully submitted,

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON
By its attorneys,


/s/ Guy P. Tully
Guy P. Tully, Esq., BBO# 555625
**JACKSON LEWIS LLP**
75 Park Plaza, 4th Floor
Boston, MA 02116
PH: (617) 367-0025
FX: (617) 367-2155

*and*

Iwana Rademaekers, Esq.
Texas Bar No. 16452560

**JACKSON LEWIS LLP**
3811 Turtle Creek Blvd., Suite 500
Dallas, TX 75219
PH: (214) 520-2400
FX: (214) 520-2008

ATTORNEYS FOR PLAINTIFF LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON