UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br>  Defendant, | )<br>)<br>)<br>) |
| v. | ) DOCKET NO. 05-40142 FDS |
| | ) |
| JOHN RUBASZKO,<br>  Defendant. | )<br>) |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Pursuant to Rule 37, Defendant John Rubaszko ("Defendant") moves for an order compelling Plaintiff Liberty Life Assurance Company of Boston to answer Defendant's Interrogatories Nos. 6 and 7 and to produce documents responsive to Defendant's Request for Production of Documents Nos. 5 and 6. In the alternative, Defendant requests that the Court enter an order barring Plaintiff from introducing any evidence that the Plan's distinction between benefits can be justified by rational underwriting principals or is based on actuarial data or reasonably anticipated claims experience.

**I.     INTRODUCTION**

This case involves an ERISA long term disability insurance plan (the "Plan"). Defendant received payment of long term disability benefits from approximately 7/26/99 until 10/22/03, when his benefits were terminated based on the Plan's two-year limitation on benefits for mental disability. Plaintiff brought this action on various theories to recover a claimed overpayment of benefits to Defendant resulting from Defendant's successful application for social security disability benefits. Plaintiff claims a retroactive credit for benefits paid Defendant based on an offset for retroactive social security disability benefits awarded to Defendant and his minor son. Defendant has counterclaimed for further Plan benefits on the grounds, inter alia, that the Plan's

disparity of treatment between mental and physical disabilities is discriminatory and violative of public policy.  Defendant also claims that Plaintiff provided no effective administrative remedies to him with regard to the determination of his physical disability and that Plaintiff's denial of further benefits under the Plan for his physical disability was wrongful.

## II.     DISCOVERY REQUESTS SUBJECT TO MOTION TO COMPEL

### A.     Interrogatories

**Interrogatory No. 6.**  Please state the basis for the two-year plan limitation on long term disability benefits for mental illness or for alcohol or drug abuse, when there is no such no such limitation for a physical disability.  Please include in your answer all information concerning whether the plan's distinction between benefits for mental versus physical disabilities is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

**Interrogatory No. 7.**  Please state the basis for the plan's exception to the two-year policy limitation on long term disability benefits for mental illness or for alcohol or drug abuse when a person is confined in a hospital or institution.  Please include in your answer all information concerning whether the plan's exception is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

### B.     Document Requests

**Request No. 5.**  All documents concerning the basis for the two-year plan limitation on long term disability benefits for mental illness or for alcohol or drug abuse, when there is no such no such limitation for a physical disability, including all documents concerning the extent to which the plan's distinction between benefits for mental versus physical disabilities is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

**Request No. 6.**  All documents concerning the basis for the plan's exception to the two-year policy limitation on long term disability benefits for mental illness or for alcohol or drug abuse when a person is confined in a hospital or institution, including all documents concerning the extent to which the exception is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

Plaintiff's responses to the above discovery requests are attached as Exhibits A and B. Essentially, Plaintiff opposes the requests on grounds of relevance and that the requests seek information of a "highly sensitive and confidential business nature."

### III.     RELEVANCE OF REQUESTED DISCOVERY

The thrust of the above discovery requests is to require Plaintiff to produce information regarding any actuarial basis or underwriting principles justifying the Plan's disparity of benefits between mental and physical disabilities.  This is based on two recent Massachusetts District Court cases that have held that ERISA plans that contain this disparity of treatment between mental and physical disabilities may violate the ADA.  Iwata v. Intel, 349 F.Supp. 2d 135 (D.Mass. 2004); Fletcher v. Tufts, 367 F.Supp. 2d 99 (D.Mass. 2005).

In Iwata, Judge Young held that the plaintiff had stated a claim under the ADA if the plan's distinction between mental and physical disabilities was motivated by stereotypes about mental disability, rather than by actuarial considerations.  349 F.Supp. 2d at 155.  In Fletcher, Judge Lindsay followed Iwata and further held that it was the insurer's burden to plead and prove the application of the ADA's "safe harbor provision" by showing that the distinction between benefits can be justified by rational underwriting principals or is based on actuarial data or reasonably anticipated claims experience.  Fletcher, 367 F.Supp. 2d at 113-114.

**Separate ADA Claim Unnecessary**

Plaintiff may argue that the Counterclaim does not contain a separate ADA claim against it and that somehow relieves it of the need to respond to these discovery requests.  However, Judge Young specifically addressed this subject in Iwata.  Judge Young stated that if the plaintiff established that the ADA renders the allegedly discriminatory term in the plan unenforceable, she may be able to invoke the equitable remedy of striking the offending term.  If the plan, without the offending term, entitles plaintiff to benefits, she should have a valid ERISA claim for further benefits.  349 F.Supp. 2d at 141-142.

Likewise, in this case, if Defendant shows that the Plan's distinction between mental and physical disabilities violates the ADA, he should be able to have the offending term stricken and the Plan enforced under ERISA without it.

### IV.    CONCLUSION

For the foregoing reasons, Defendant requests that his motion to compel discovery be granted.  In the alternative, Defendant requests that the Court enter an order barring Plaintiff from introducing any evidence that the Plan's distinction between benefits can be justified by rational underwriting principals or is based on actuarial data or reasonably anticipated claims experience.

                Respectfully Submitted,

                JOHN RUBASZKO,

                By his Attorney,

                / s / Richard A. Mulhearn
                Richard A. Mulhearn, BBO: 359680
                Law Office of Richard A. Mulhearn, P.C.
                41 Elm Street
                Worcester, MA  01609
                (508) 753-9999

Dated:  June 19, 2006.

### LOCAL RULE 7.1(A)(2) CERTIFICATE

Richard A. Mulhearn, Attorney for Defendant, certifies that he has conferred with opposing counsel and that a good faith attempt was made to eliminate or narrow the issues raised in this motion.

                / s / Richard A. Mulhearn

Dated:  June 19, 2006.

### INTERROGATORY NO. 6

Please state the basis for the two-year plan limitation on long term disability benefits for mental illness or for alcohol or drug abuse, when there is no such no such limitation for a physical disability. Please include in your answer all information concerning whether the plan's distinction between benefits for mental versus physical disabilities is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

### ANSWER:

Plaintiff objects to this Interrogatory on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Plaintiff further objects to this Interrogatory on the basis that it seeks information of a highly sensitive and confidential business nature.

Subject to and without waiving the foregoing objections, Plaintiff states that such provision is contained in the governing document, which constitutes a contract to which the parties to the contract agreed to such terms. See documents bates labeled Liberty/Rubaszko 00001-00033.

### INTERROGATORY NO. 7

Please state the basis for the plan's exception to the two-year policy limitation on long term disability benefits for mental illness or for alcohol or drug abuse when a person is confined in a hospital or institution. Please include in your answer all information concerning whether the plan's exception is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

### ANSWER:

Plaintiff objects to this Interrogatory on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Plaintiff further objects to this Interrogatory on the basis that it seeks information of a highly sensitive and confidential business nature.

Subject to and without waiving the foregoing objections, Plaintiff states that such provision is contained in the governing document, which constitutes a contract to which the parties to the contract agreed to such terms. See documents bates labeled Liberty/Rubaszko 00001-00033.

**Exhibit A**

objects to this Request on the basis that it is unduly burdensome in that it is not limited to a particular time period and would require Plaintiff to expend many hours researching thousands and thousands of claims. Plaintiff further objects to this Request as it invades the privacy of these claimants and seeks documents of a highly sensitive and confidential business nature.

### REQUEST FOR PRODUCTION NO. 5:

All documents concerning the basis for the two-year plan limitation on long term disability benefits for mental illness or for alcohol or drug abuse, when there is no such no such limitation for a physical disability, including all documents concerning the extent to which the plan's distinction between benefits for mental versus physical disabilities is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

### RESPONSE:

Plaintiff objects to this Request on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Plaintiff further objects to this Request on the basis that it seeks documents of a highly sensitive and confidential business nature.

Subject to and without waiving the foregoing objections, Plaintiff refers to documents bates labeled Liberty/Rubaszko 00001-00033.

### REQUEST FOR PRODUCTION NO. 6:

All documents concerning the basis for the plan's exception to the two-year policy limitation on long term disability benefits for mental illness or for alcohol or drug abuse when a person is confined in a hospital or institution, including all documents concerning the extent to which the exception is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

### RESPONSE:

Plaintiff objects to this Request on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Plaintiff further objects to this Request on the basis that it seeks documents of a highly sensitive and confidential business nature.

Subject to and without waiving the foregoing objections, Plaintiff refers to documents bates labeled Liberty/Rubaszko 00001-00033.

### REQUEST FOR PRODUCTION NO. 7:

All documents concerning the basis for your termination of Defendant's long term disability benefits in 2003, including all documents concerning the reasons for