UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
LIBERTY LIFE ASSURANCE            )
COMPANY OF BOSTON,                 )
                        Plaintiff,             )
       v.                                          )          05-CV-40142-FDS
                                                    )
JOHN RUBASZKO,                         )
                        Defendant.          )
_____)

## MEMORANDUM AND ORDER
August 22, 2006

**HILLMAN, M.J.**

### Introduction

This matter was referred to this Court by electronic Order of Reference dated July 31, 2006, pursuant to 28 U.S.C. § 636 (b)(1)(A). This Memorandum and Order addresses the Defendant's Motion to Compel Discovery, filed June 19, 2006 [Docket #14], and the Plaintiff's Response to Defendant's Motion to Compel Discovery, filed June 29, 2006 [Docket #15] in opposition thereto. For the following reasons, the Defendant's motion is GRANTED.

### Factual Background

This action arises from a complaint filed by Liberty Life Assurance Company of Boston ("Liberty Life") against John Rubaszko ("Rubaszko") seeking to recover moneys received by Rubaszko pursuant to a Long Term Disability benefits plan ("LTD Plan") covering Rubaszko during his employment at Fleet Boston Financial Corporation. (Complaint ¶¶1, 5-6). While employed at Fleet, Rubaszko filed a claim for benefits in connection with the Fleet Short Term

1

Disability benefits Plan, which on July 26, 1999 transitioned into a claim for benefits under the LTD Plan.  (*Id.* at ¶¶6-7).

On June 11, 2001, Rubaszko filed a claim for disability benefits from the Social Security Administration.  (Complaint ¶9).  That claim was allowed on October 22, 2002, with benefits awarded retroactive to July 1999.  (*Id.* ¶12).  According to Liberty Life, payments under Rubaszko's LTD Plan were to be reduced by the amount of income received from other sources, including SSA disability benefits.  (*Id.* ¶10).  Liberty Life alleges that its LTD Plan payments to Rubaszko were duplicative of the SSA disability benefits he received and it is therefore entitled to recover from Rubaszko amount of those SSA disability payments.  (*Id.* ¶15).  Liberty Life alleges that it is unable to recover the moneys from Rubaszko's forthcoming LTD Plan payments because those benefits terminated under the Plan on October 22, 2003.  (*Id.*).

Rubaszko's answer included the affirmative defense that Liberty Life "unlawfully discontinued the payment of disability benefits" to him.  (Answer p. 3).  Rubaszko also counterclaimed against Liberty Life alleging that the LTD Plan termination on October 22, 2003, based on the two-year limitation on mental illness disability in the LTD Plan, was "discriminatory and violative of public policy."  (Counterclaim ¶33).

## The Discovery Dispute

Rubaszko sought discovery from Liberty Life, in the form of Interrogatories and Requests for Production, requesting Liberty Life (a) to "state the basis" for (presumably as that term is defined in the D. Mass. Local Rules) and (b) to provide all documents concerning:

      (i)      the basis of Liberty Life's "two-year plan limitation on long term disability benefits for mental illness or alcohol or drug abuse, when there is no such . . . limitation for a physical disability" and

      (ii)      the basis for the Plan's "exception to the two-year policy limitation on long term disability benefits for mental illness or for alcohol or drug abuse when a person is confined in a hospital or institution[.]"

(Motion p. 2). The Requests specifically sought information as to whether the plan's distinction between benefits for mental versus physical disabilities, and the exception for confinement in a hospital or institution, "is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience." (*Id.*).

Liberty Life objected to the requests on the grounds that they were "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action" and that they sought "information of a highly sensitive and confidential business nature." (Motion Ex. A, B).

### The Motion to Compel

In seeking the discovery, the Defendant has argued that the LTD Plan's distinction between mental and physical disabilities may run afoul of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §12112(a), *et seq*. In particular, the Defendant identifies two cases from the District of Massachusetts where the Courts held that differential treatment of mental and physical disabilities – which may be justifiable with respect to health insurance – may lose that justification with respect to long term disability insurance. *See Iwata v. Intel Corp.*, 349 F. Supp. 2d 135, 147-151 (D. Mass. 2004); *Fletcher v. Tufts University*, 367 F. Supp. 2d 99, 109-114 (D. Mass. 2005).

In opposing the Motion to Compel, the Plaintiff responds with the bromide that the "ADA does not require equal benefits for different disabilities" (Plaintiff's Response at p. 2, citing cases), and that those circuit courts to have considered the issue have "ruled that the ADA does not prohibit differentiation in the treatment of mental and physical disabilities within a disability benefits plan." (Plaintiff's Response p. 3).

## ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[. . . . ] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The scope of discovery is wide ranging. As the Supreme Court stated, the word "relevant" encompasses:

> any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case . . . . [D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (purpose of discovery rules is to permit "the parties to obtain the fullest possible knowledge of the issues and facts before trial")). *See also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("Modern instruments of discovery serve a useful purpose. . . . They together with pretrial procedures make a trial less a game of blindman's bluff

and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Only strong public policies weigh against disclosure.").

The trial court has power to control discovery is broad. *City of Waltham v. U.S. Postal Service*, 11 F.3d 235, 243 (1st Cir. 1993), *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir.1989). This power is exercised by weighing discovery burdens against the likelihood of finding relevant material. *Id.* (*citing Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179, 186-87 (1st Cir. 1989)). In this case, the Plaintiff's principal argument is that the material is irrelevant because Rubaszko has not brought a counterclaim against Liberty Life under the Americans with Disabilities Act; instead, is "sole counterclaim against Liberty Life is brought under ERISA, specifically 29 U.S.C. § 1132." Plaintiff's Response at pp. 1-2.

The Plaintiff misstates Rubaszko's position. Rubaszko has raised the affirmative defense that Liberty Life is "barred from recovery because it discontinued benefits under a provision of its Plan that is discriminatory to the mentally disabled and is violative of public policy." Answer and Counterclaim (Docket #6) at p. 4. Drawing reasonable inferences in Rubaszko's favor from the facts alleged in his counterclaim, the factual allegations suffice to state a claim under the Americans with Disabilities Act.

Federal Rule of Civil Procedure 8(a)(2)-(3) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." Wright & Miller, *Federal Practice and Procedure: Civil 3d* §1255 at pp. 509-11 and nn. 7, 8 (2004) (citing cases).

*See also* Fed. R. Civ. P. 84 (forms contained in Appendix are "sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate").

Rubaszko has either alleged directly, or established facts that permit the reasonable inference that (a) he was disabled (or that Liberty Life considered him disabled) because of mental disability, (*id.* at ¶¶7, 11, 13); (b) he suffered an adverse action arising from the disability (or Liberty Life's perception of the disability), (*id.* at ¶ 21); and (c) that adverse action was discriminatory and violative of public policy, (*id.* at ¶31). Under regulations issued to effectuate the ADA's provisions, it is unlawful for a covered entity "to discriminate on the basis of disability against a qualified individual with a disability in regard to . . . [f]ringe benefits available by virtue of employment[.]" 29 C.F.R. § 1630.4(f).

As to Rubaszko's status as a "qualified individual," Judge Young's reasoning in *Iwata v. Intel Corp.*, 349 F. Supp. 2d 135, 146 (D. Mass. 2004) is compelling. LTD benefits apply, by definition, when the employee is no longer able to work. A finding that such an individual was not a "qualified individual with a disability" for purposes of the ADA would bet tantamount to holding that "no totally disabled person could ever challenge discriminatory distribution of fringe benefits, even though the ADA prohibits such discrimination." *Id.* As Judge Young aptly put it, the term "'qualified individual with a disability' must be interpreted to give effect to the rights that the ADA has created. It seems unlikely that Congress intended to create a bait-and-switch, where an individual is only covered by the statute until the moment when she actually needs its protection." *Id.* at 147. Absent a definitive holding from the First Circuit determining that such claims are foreclosed, Rubaszko is entitled to discovery as to his allegations that the disparity between LTD benefits based on physical and mental disability are discriminatory.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Compel Discovery (Docket #14) is GRANTED.

/s/ Timothy S. Hillman
Timothy S. Hillman
United States Magistrate Justice