## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

_____
)
**LIBERTY LIFE ASSURANCE**                          )
**COMPANY OF BOSTON,**                              )
                                                    )
       **Plaintiff,**                          )      **Civil Action No.**
                                                    )      **05-40142-FDS**
       **v.**                                 )
                                                    )
**JOHN RUBASZKO,**                                  )
                                                    )
       **Defendant.**                          )
_____)

### MEMORANDUM AND ORDER
### AFFIRMING ORDER OF MAGISTRATE JUDGE

**SAYLOR, J.**

This is an action to recover amounts allegedly overpaid by an insurer to a disabled employee. Plaintiff Liberty Life Assurance Company of Boston has filed suit against defendant John Rubaszko seeking to recover payments received pursuant to a Long Term Disability benefits plan ("LTD Plan") covering Rubaszko during his employment at Fleet Boston Financial Corporation. Liberty Life contends, in essence, that certain of the benefits paid to Rubaszko were duplicative of Social Security disability payments, and are therefore recoverable under the LTD Plan. Rubaszko contends, among other things, that Liberty Life "unlawfully discontinued the payment of disability benefits" to him. He has also counterclaimed on the grounds that the termination of his benefits was "discriminatory and violative of public policy."

Defendant filed a Motion to Compel Discovery on June 19, 2006, which was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition. On August 22, 2006, the Magistrate Judge issued a Memorandum and Order granting the Motion to Compel. Plaintiff

filed a timely objection and request to vacate the order.  This Court may modify or set aside the order of the Magistrate Judge if it is found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

### Analysis

Under the LTD Plan, a claimant who suffers from a mental disability, other than a claimant who is confined to a hospital or institution, may only receive benefits for up to two years. Defendant contends that the two-year limitation is unlawful, and seeks discovery concerning whether the limitation and the exception are "based on rational underwriting principles, actuarial data, or actual or reasonably anticipated claims experience."  Liberty Life contends that the information sought is not relevant to any valid claim or defense, because it is not unlawful for the company to differentiate between mental and physical disabilities.

Although it is not entirely clear, it appears that the only potentially relevant legal requirements are those imposed by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Most courts to consider the issue, including a majority of the Circuits, have held that the ADA does *not* require that insurance policies provide equal benefits for different types of disabilities. *See E.E.O.C. v. Staten Island Savings Bank*, 207 F.3d 144, 150-53 (2d. Cir. 2000) (ADA does not require parity between mental and physical disabilities); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 608 (3rd Cir. 1998); *Lewis v. K-Mart Corp.*, 180 F.3d 166, 170 (4th Cir. 1999) (disability plan need not provide same benefits for all disabilities); *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006, 1015-19 (6th Cir. 1997) (*en banc*); *E.E.O.C. v. CNA Ins. Cos.*, 96 F.3d 1039, 1044-45 (7th Cir. 1996) (upheld plan that limited mental-disability benefits to two years); *Krauel v. Iowa Methodist Med. Ctr.*, 95 F.3d 674, 678 (8th Cir. 1996); *Weyer v. Twentieth*

*Century Fox Film Corp.*, 198 F.3d 1104, 1116-18 (9th Cir. 2000) (permissible to classify mental-illness risks differently than physical disabilities); *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1101-02 (10th Cir. 1999) ("ADA does not prohibit an employer from operating a long-term disability benefits plan which distinguishes between . . . disabilities."); *Cf. Modderno v. King*, 82 F.3d 1059, 1060-62 (D.C. Cir. 1996) (holding equal benefits for all disabilities not required under the Rehabilitation Act).[1]

The First Circuit has not yet decided whether it is permissible under the ADA to provide different benefits for different disabilities. Further, this issue is complicated by the Supreme Court's decision in *Olmstead v. L.C.*, 527 U.S. 581 (1999), which held that unjustified institutional isolation of mentally ill patients was a form of disability discrimination. *See Olmstead*, 527 U.S. at 600. Following *Olmstead*, a number of plaintiffs have argued that the legal landscape had been altered and that a new interpretation of the ADA is required. *See, e.g., El-Hajj v. Fortis Benefits Ins. Co.*, 156 F. Supp. 2d 27, 30-32 (D. Me. 2001). The only two Circuits to consider the issue directly in light of *Olmstead* have come to opposite conclusions. *Compare Weyer*, 198 F.3d at 1117-18 (stating that *Olmstead* does not support the contention that ADA demands equal benefits), *with Johnson*, 273 F.3d at 1052-54 (stating that *Olmstead* leads to conclusion that differentiation between individuals with mental and physical disabilities is discrimination in contravention of the ADA). A similar split can be seen among the District Courts in this Circuit. *Compare El-Hajj*, 156 F. Supp. 2d at 31-32 (finding *Olmstead* "easily

---

[1]  *Compare Johnson v. KMart Corp.*, 273 F.3d 1035 (11th Cir. 2001), in which a panel of the Eleventh Circuit held that the ADA prohibited discrimination between physical and mental disabilities. The opinion was vacated pending a rehearing *en banc*, which was not held because of the bankruptcy of the defendant. *See Johnson v. KMart Corp.*, 281 F.3d 1368 (11th Cir. 2002).

distinguishable from the present case"), *Wilson v. Globe Specialty Products, Inc.*, 117 F. Supp. 2d 92, 97 (D. Mass. 2000) (distinguishing *Olmstead*), *Pelletier v. Fleet Fin. Group, Inc.*, No. CIV. 99-245-B, Civil No. 99-CV-146-PH, 2000 WL 1513711, at *3 (D.N.H. Sept. 19, 2000) ("[T]he reasoning underlying *Olmstead*'s holding does not invalidate the type of disability insurance policy that is at issue in this case."), *and Witham v. Brigham & Women's Hosp., Inc.*, Civil No. 00-268-M, 2001 U.S. Dist. LEXIS 7027, at *11 (D.N.H. May 31, 2001) (adopting reasoning of *Pelletier*), *with Iwata v. Intel Corp.*, 349 F. Supp. 2d 135, 147-49 (D. Mass. 2004) (agreeing with *Johnson* court's analysis of *Olmstead* and finding that the ADA prohibits discrimination among classes of the disabled), *Fletcher v. Tufts University*, 367 F. Supp. 2d 99, 110-11 (D. Mass. 2000) (adopting reasoning of *Iwata*).

Relying on the opinion of Judge Young in *Iwata*, the Magistrate Judge ruled that the requested discovery was appropriate. Notwithstanding the great number of cases holding that the ADA does not require insurance policies to provide the same benefits for all disabilities, the Court will not reverse the Magistrate Judge's Order as "clearly erroneous or contrary to law." The Magistrate Judge's Order concerned discovery, not the merits of the underlying dispute. While it is true that a ruling on the merits would define the scope of that discovery, such a ruling would be premature, at least in the present context; among other things, (1) the First Circuit has not yet decided the issue, (2) the effect of the Supreme Court's decision in *Olmstead*, at a minimum, creates uncertainty in this area, and (3) this Court has not had the benefit of full briefing on the legal issue. The Court hastens to underscore that it is affirming an order concerning discovery, and nothing more; it is *not* ruling on the merits of the underlying legal issue. The Court also notes that this ruling is without prejudice to the plaintiff's rights to seek relief as to particular specific

discovery requests or to seek a protective order to preserve confidentiality where appropriate.

## **Conclusion**

For the foregoing reasons, the Memorandum and Order of the Magistrate Judge dated

August 22, 2006, is AFFIRMED.

**So Ordered.**

                                    /s/ F. Dennis Saylor
                                    F. Dennis Saylor IV
                                    United States District Judge

Dated:  October 26, 2006