UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY LIFE ASSURANCE COMPANY ) <br> OF BOSTON, ) <br>     Defendant, ) <br> ) <br> v. ) <br> ) <br> JOHN RUBASZKO, ) <br>     Defendant. ) | DOCKET NO. 05-40142 FDS |

**DEFENDANT'S MOTION TO FOR LEAVE TO CONDUCT FURTHER DISCOVERY AND FOR AMENDMENT OF SCHEDULING ORDER**

Defendant John Rubaszko ("Defendant") moves for leave to conduct further discovery and for amendment to the scheduling order entered on 11/21/06 with regard to dispositive motions. In support of this motion, Defendant states the following.

1. This case involves an ERISA long term disability insurance plan (the "Plan"). The Plan brought this action against Defendant, the beneficiary, to recover a claimed overpayment of benefits. Defendant has defended that claim and has counterclaimed for further Plan benefits on the grounds, inter alia, that the Plan's disparity of treatment between mental and physical disabilities is discriminatory and violative of public policy.

2. At the Status Conference on 11/21/06, the Court set a deadline for Plaintiff to produce responses to outstanding discovery requests regarding the basis of the disparity in benefits and whether the Plan's distinction between benefits can be justified by rational underwriting principals or is based on actuarial data or reasonably anticipated claims experience. The Court also set a schedule regarding dispositive motions, including a hearing date of 3/27/07.

3.  Defendant was given leave to move for further discovery in the event that Plaintiff's discovery responses suggested the need.  The Court also indicated that the schedule regarding dispositive motions would have to be amended if further discovery was necessary.

4.  Defendant has received Plaintiff's discovery responses and believes that further discovery regarding them is reasonable and necessary.

5.  In summary, Plaintiff's discovery responses indicate in very general terms that it has policies that have a limitation on benefits for mental health disabilities and policies that do not, and that the policy without the limitation has a higher premium.  Plaintiff claims that it makes both policies available to its customers and that it is the customer that chooses.  Plaintiff states that the plan sponsor here, Fleet Boston Financial Corporation, chose the policy with the limitation.

6.  With regard to the issue whether the Plan's distinction between benefits can be justified by rational underwriting principals or is based on actuarial data or reasonably anticipated claims experience, Plaintiff provided one document, a 1996 industry association "survey" regarding claims experience between policies with and without a limitation on benefits for mental disabilities.  The survey is the result of a questionnaire sent to unnamed "members and non-members."  The survey acknowledges that only a relatively small number of companies responded to it.  The survey also states that there was another survey conducted in 1994 to determine how often psychiatric and substance abuse disorders appeared as the basis for disability claims.  This 1994 survey was not produced by Plaintiff.

7.  The conclusion set forth in the 1996 survey is that in plans without a limitation on benefits, the percentage of both the number of claims and the amount of claim dollars paid increase dramatically.  While the survey says that it is not surprising to have these increases if

limitations are lifted, it states that the rise in claim dollars paid is disproportionately large compared to the number of increased claims.

8.      Defendant submits that the issue of mental health parity in disability benefits is an important one and one that transcends the interests of Defendant in this case.  A decision on the issues in this case will likely set a precedent in this circuit and perhaps beyond.  Defendant is aware of no other court that has reviewed the reason for the disparity of benefits.  In arriving at a decision, the Court should have a better record regarding that issue than that provided in Plaintiff's discovery responses.

9.      Defendant is an individual of modest means and limited resources, while Plaintiff is a wealthy corporation.  Defendant can only seek permission to conduct further discovery within his means to order to test Plaintiff's contentions.  Alternatively, the Court could place the burden on Plaintiff to prove its contentions to the Court's satisfaction at an evidentiary hearing on whether the Plan's distinction between benefits can be justified by rational underwriting principals or is based on actuarial data or reasonably anticipated claims experience.  Short of that, Defendant seeks permission to conduct further written and perhaps deposition discovery.

10.     With regard to the scope of further discovery, Plaintiff has produced no specific information concerning its offer of the "no limitation" plan to the plan sponsor in this case, including the individuals involved, the time and place of such offer and the additional cost of that plan as compared with the 2- year limit plan.  Plaintiff should be required to provide that information.  Defendant should also have the opportunity to either depose or submit written discovery requests to or depose the plan sponsor to corroborate Plaintiff's contentions.

11.     Moreover, if Plaintiff offers and has offered both "no limit" and "limit" plans, it must have data regarding claims experience between the two types of plan, as well as data concerning claims experience for physical disabilities compared to mental disabilities.  This would be another subject for further discovery

12.     Finally, it is difficult to accept that Plaintiff based its disparity in benefits on the one survey it produced.   For example, if Plaintiff had a 2-year limit plan before the 1996 survey, what was the basis for that disparity in benefits?  It defies logic that there is no further information in Plaintiff's possession other than the 1996 survey.  Defendant should be permitted to attempt to discover it.

**Conclusion**

For the forgoing reasons, Defendant moves for leave to conduct further written and/or deposition discovery and for amendment to the scheduling order entered on 11/21/06 with regard to dispositive motions. In the alternative, Defendant asks the Court to consider conducting an evidentiary hearing at which Plaintiff would have the burden of proving its contention that the Plan's distinction between benefits can be justified by rational underwriting principals or is based on actuarial data or reasonably anticipated claims experience.

                Respectfully Submitted,

                JOHN RUBASZKO,

                By his Attorney,

                / s / Richard A. Mulhearn
                Richard A. Mulhearn, BBO: 359680
                Law Office of Richard A. Mulhearn, P.C.
                41 Elm Street
                Worcester, MA  01609
                (508) 753-9999

Dated:  December 22, 2006.

**LOCAL RULE 7.1(A)(2) CERTIFICATE**

Richard A. Mulhearn, Attorney for Defendant, certifies that he has conferred with opposing counsel and that a good faith attempt was made to eliminate or narrow the issues raised in this motion.

                / s / Richard A. Mulhearn

Dated:  December 22, 2006.