UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, Plaintiff ) ) ) ) ) v. ) JOHN RUBASZKO, Defendant ) ) ) ) | Civ. No.: 05-40142 FDS |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO CONDUCT FURTHER DISCOVERY AND FOR AMENDMENT OF SCHEDULING ORDER

Plaintiff Liberty Life Assurance Company of Boston ("Liberty Life") files this, its Response to Defendant's Motion For Leave to Conduct Further Discovery and For Amendment of Scheduling Order. Liberty Life requests that the Court enter an Order denying the Motion For Leave to Conduct Further Discovery filed by Defendant John Rubaszko ("Defendant") because the discovery sought by Defendant is not reasonably calculated to lead to the discovery of admissible evidence in the above-styled action.

### Procedural Background.

Defendant filed his Motion to Compel Discovery on June 19, 2006, to which Liberty Life timely responded on June 29, 2006. On July 31, 2006, this Court referred the Motion to Magistrate Judge Timothy S. Hillman, who issued a Memorandum and Order granting Rubaszko's Motion on August 22, 2006. Liberty Life timely objected to the Memorandum and Order, but this Court affirmed the Magistrate Judge's Order on October 26, 2006. On November 21, 2006, the Court entered an Order setting certain deadlines for the case. On December 8, 2006, Liberty Life provided responses and answers to the contested discovery and produced certain documents, some of which were produced under the terms of the Agreed Protective Order

entered in this action on December 1, 2006. Liberty Life's Supplemental Response to Defendant's Request for Production is attached hereto as Exhibit "A". Liberty Life's Second Supplemental Answers to Defendant's First Set of Interrogatories (Exhibit "B") is submitted to the Court with Liberty Life's Motion to Impound Confidential Documents under Local Rule 7.2. The documents Liberty Life produced Bates-Labeled 00686 through 00695 (Exhibit "C") are also submitted to the Court with Liberty Life's Motion to Impound Confidential Documents.

### Liberty Life Fully Answered Defendant's Written Discovery Requests and Produced All Requested Documentation.

Defendant's discovery requests to which Liberty Life responded pursuant to the Court's Order sought information and documents concerning Liberty Life's underwriting, actuarial determinations, and claims experience relating to the provision in the relevant plan documents limiting the benefit period for which a claimant who suffers from a mental disability to 24 months. Defendant argued such discovery is appropriate because this provision violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Liberty Life had argued that the ADA does not prohibit a disability benefits plan from imposing special coverage limitations on disabilities of a mental nature, as recognized by all but a few Courts that have reviewed the issue.

Pursuant to this Court's Order, Liberty Life responded to the contested discovery requests on December 8, 2006. In its responses (Exhibit B), Liberty Life explained that its customers are given the choice whether to adopt a time limitation on benefit payments for mental disabilities. The Liberty Life customer that sponsored the plan in which Defendant was a participant had elected the policy provision that contained such a limitation. Liberty Life's response further explained that there are different premiums required for such a choice. In

response to the Request for Production, Liberty Life produced a report reflecting several companies' claim experience in the area (Exhibit C).

Defendant apparently believes that Liberty Life has additional documentation on this issue. However, as stated in Liberty Life's response to Defendant's Request for Production, all documentation in its possession, custody, or control has been produced. Liberty Life has no more documentation (such as a 1994 report mentioned by Defendant) that would be responsive to Defendant's exhaustive discovery requests. Additional discovery requests by Defendant will not magically cause the appearance of more documents in Liberty Life's possession.

### Additional Discovery Will Serve No Purpose In This Action

Defendant's primary argument in his Motion for additional discovery is that the documents and discovery responses provided by Liberty Life are insufficient to support the premium difference. However, such arguments are simply Defendant's arguments concerning the merits of his ADA argument, assuming the Court in this action admits such evidence. If Defendant believes such documentation is insufficient, he is entitled to make that argument, but such an argument does not justify additional discovery in this action.

Defendant also appears to be interested in documentation that Liberty Life might have used prior to 1996. However, Defendant did not receive any benefits from the disability plan in question until August 2, 1999, and the policy in question is dated January 1, 1998. Therefore, responses by Liberty Life pertaining to periods prior to 1996 would have absolutely no bearing on Defendant's arguments in this action.

Additionally, in his Motion, Defendant states that because he is a person "of modest means and limited resources," the Court should set an evidentiary hearing at which Liberty Life will have the "burden of proving its contention that the Plan's distinction between

benefits can be justified by rational underwriting principals (sic) or is based on actuarial data or unreasonably anticipated claims experience."[1]  First, as this contention by Defendant is an affirmative defense, Defendant has the burden to establish this allegation.  Second, no case has been located in which a Court shifted the burden of proof because of the parties' relative financial status.  Third, the content of the hearing requested by Defendant is identical to the discovery responses that were already propounded by Defendant and were fully answered and responded to by Liberty Life.  Fourth, there is no procedural or legal basis for the hearing requested by Defendant.  Finally, although the Court has stated it would affirm the Magistrate Judge's Order Concerning discovery, the Court was "not ruling on the merits of the underlying legal issue."[2]  Ordering such an evidentiary hearing would mean the Court has taken such a step.

Defendant only describes the additional discovery he seeks in the most general terms.  Defendant states that both depositions and written discovery will be required without specifically identifying the inquiries to be made.  Apparently, what Defendant seeks is a fishing expedition in the faint hope that something might be uncovered that he believes would be relevant.  This cannot be permitted.  Liberty Life has fully responded to Defendant's previous requests, as Ordered by the Court, which puts an end to this issue with regard to discovery.

With no additional discovery being required in this action, Liberty Life requests that the Court enter an Order denying Defendant's Motion for Leave to Conduct Further Discovery.  With regard to Defendant's request that the deadlines for dispositive motion briefing in this matter be postponed, Plaintiff does not oppose moving these deadlines forward to accommodate the Court's consideration of the Motion.

---

[1]  Defendant's Motion for Leave to Conduct Further Discovery and for Amendment of Scheduling Order at pp. 3 and 5.

[2]  Memorandum and Order Affirming Order of Magistrate Judge at p. 4.

Respectfully submitted,


LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON
By its attorneys,


 /s/ Guy P. Tully
Guy P. Tully, Esq., BBO# 555625
**JACKSON LEWIS LLP**
75 Park Plaza, 4th Floor
Boston, MA 02116
PH: (617) 367-0025
FX: (617) 367-2155


*and*


Iwana Rademaekers, Esq.
*Admitted Pro Hac Vice*
Texas Bar No. 16452560

**JACKSON LEWIS LLP**
3811 Turtle Creek Blvd., Suite 500
Dallas, TX 75219
PH: (214) 520-2400
FX: (214) 520-2008


ATTORNEYS FOR PLAINTIFF LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, District of Massachusetts, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:


Richard A. Mulhearn
Law Offices of Richard A. Mulhearn, P.C.
41 Elm Street
Worcester, MA 01609.


 January 12, 2007                          /s/ Guy P. Tully
        Date                            ONE OF COUNSEL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, Plaintiff, | ) ) ) ) |
| v. | ) DOCKET NO.  05-40142 FDS ) |
| JOHN RUBASZKO, Defendant. | ) ) ) |

### PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

To:   John Rubaszko, by and through his attorney of record, Richard A. Mulhearn, LAW OFFICES OF RICHARD A. MULHEARN, P.C., 41 Elm Street, Worcester, MA 01609.

Pursuant to the Court's Order dated October 26, 2006 and under the terms of the Court's Order dated December 1, 2006, Plaintiff Liberty Life Assurance Company of Boston ("Plaintiff" or "Liberty") serves its Supplemental Response to Defendant's First Request for Production of Documents as follows:

### REQUEST FOR PRODUCTION NO. 5:

All documents concerning the basis for the two-year plan limitation on long term disability benefits for mental illness or for alcohol or drug abuse, when there is no such no such limitation for a physical disability, including all documents concerning the extent to which the plan's distinction between benefits for mental versus physical disabilities is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

### RESPONSE:

Liberty Life states that all such documents in its possession, custody, or control are produced with these responses (Liberty/Rubaszko 00686-00695).

### REQUEST FOR PRODUCTION NO. 6:

All documents concerning the basis for the plan's exception to the two-year policy limitation on long term disability benefits for mental illness or for alcohol or drug abuse when a person is confined in a hospital or institution, including all documents



EXHIBIT

A

concerning the extent to which the exception is based on rational underwriting principles, actuarial data or actual or reasonably anticipated claims experience.

**RESPONSE:**

Liberty Life states that all such documents in its possession, custody, or control are produced with these responses (Liberty/Rubaszko 00686-00695).

Respectfully submitted,

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON
By its attorneys,

Iwana Rademaekers, Esq.
*Admitted Pro Hac Vice*
Texas Bar No. 16452560

**JACKSON LEWIS LLP**
3811 Turtle Creek Blvd., Suite 500
Dallas, TX 75219
PH: (214) 520-2400
FX: (214) 520-2008

*and*

Guy P. Tully, Esq., BBO# 555625
**JACKSON LEWIS LLP**
75 Park Plaza, 4th Floor
Boston, MA 02116
PH: (617) 367-0025
FX: (617) 367-2155

ATTORNEYS FOR PLAINTIFF LIBERTY
LIFE ASSURANCE COMPANY OF
BOSTON

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2006, I caused a copy of the foregoing document to be served by first class mail, postage prepaid, on Defendant's attorney, Richard A. Mulhearn, Law Offices of Richard A. Mulhearn, P.C., 41 Elm Street, Worcester, MA  01609.

ONE OF COUNSEL

**PLAINTIFF'S SECOND SUPPLEMENTAL ANSWERS TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

# DOCUMENT TO
# BE FILED
# UNDER SEAL



<u>DOCUMENTS BATES-LABELED LIBERTY/RUBASZKO 00686 - 00695</u>

# DOCUMENTS TO
# BE FILED
# UNDER SEAL

